IN THE UNITED STATES BANKRUPTCY COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

IN RE:

**STEVEN G. WOODRUFF and**
**TRACY D. WOODRUFF,**

   **Debtors.**

**CASE NO. 02-81159-WRS**
**Chapter 13**

---

**STEVEN G. WOODRUFF, individually and**
**on behalf of all others similarly situated,**

   **Plaintiff,**

vs.

**CHASE HOME FINANCE LLC,**

   **Defendant.**

**Adversary No. 09-_____**

## CLASS ACTION COMPLAINT

Plaintiff Steven G. Woodruff, individually and on behalf of all other persons similarly situated, brings this Complaint against Defendant Chase Home Finance LLC and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151 and 157. As to all causes of action, this is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. All causes of action are based on the Bankruptcy Code of the United States.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## II. PARTIES

4.    Plaintiff Steven Woodruff is a resident citizen of the State of Alabama, and is a debtor in Case No. 02-81159-WRS filed in this Court.

5.    Defendant Chase Home Finance LLC ("Chase Home Finance") is a corporation doing business in the State of Alabama. Defendant Chase Home Finance is the successor by merger to Chase Manhattan Mortgage Corporation.

## III. FACTUAL ALLEGATIONS

6.    Plaintiff Steven Woodruff filed a Chapter 13 case in this Court on August 23, 2002.

7.    On May 20, 2003, the Defendant filed an improper and fraudulent affidavit in support of a motion for relief from stay that Defendant filed in Plaintiff's bankruptcy case. Defendant's affidavit was improper and fraudulent in that the signature page was executed separate and apart from one or more other pages of, and/or one or more exhibits to, the affidavit.

8.    The Defendant filed improper and fraudulent affidavits, declarations or certifications in the bankruptcy cases of each of the class members in support of motions for relief from stay, motions for adequate protection or similar motions filed by Defendant. These affidavits, declarations and certifications were improper and fraudulent in that the signature pages were executed separate and apart from one or more other pages of, and/or one or more exhibits to, these affidavits, declarations and certifications.

2

## IV. CLASS ACTION ALLEGATIONS

9.      Plaintiff brings this action as a class action individually and on behalf of a class which is defined as follows:

> All individuals who have filed in the Middle District of Alabama a Chapter 13 or Chapter 7 bankruptcy case in which the Defendant filed, or caused to be filed, an improper or fraudulent affidavit, declaration or certification in support of a motion for relief from stay, motion for adequate protection or a similar motion filed by Defendant.

Excluded from the class are any employees, officers or directors of the Defendant or any of their subsidiaries or affiliates, and any of the legal representatives, heirs, successors and assigns of any such employees, officers or directors.

10.      This action may properly be maintained as a class action pursuant to Bankruptcy Rule 7023 and Rule 23 of the Federal Rules of Civil Procedure.

11.      The members of the class are so numerous that joinder of the individual claims is impractical. Plaintiff believes that there are hundreds of individuals in whose bankruptcy cases the Defendant filed improper and fraudulent affidavits, declarations or certifications. The precise number of class members and their addresses are presently unknown to Plaintiff, but can be easily obtained from the Defendant's files, records and databases. Class members can be notified of the pendency of this action by mail and/or published notice.

12.      Common questions of law and fact exist as to all members of the class. These questions predominate over questions affecting only individual class members. These common legal and factual questions include, but are not limited to:

3

a. The propriety of the Defendant's practice of filing improper and fraudulent affidavits, declarations or certifications in support of motions for relief from stay, motions for adequate protection and similar motions.

b. Whether Defendant's practices constitute an abuse of the bankruptcy process.

c. Whether Defendant's practices constitute fraud on the court.

d. The nature of any injunctive relief which should be afforded to the class to prevent the continuation of the wrongful conduct of the Defendant.

e. Whether the Defendant should be required to disgorge the benefits it has obtained from its wrongful conduct.

f. The nature and amount of civil damages that should be paid.

g. The nature and amount of civil sanctions that should be assessed.

13. Plaintiff's claims are typical of the claims of members of the class. Plaintiff and each member of the class have had improper and fraudulent affidavits, declarations or certifications filed in their bankruptcy cases by the Defendant. Plaintiff and each of the members of the class have sustained damages resulting from Defendant's illegal and fraudulent practice. If the Defendant is not enjoined from engaging in this illegal and fraudulent practice in the future, additional members of the class will suffer.

14. Plaintiff is an adequate representative of the class because (a) his interests do not conflict with the interests of the individual members of the class he seeks to represent; (b) he has retained counsel who are competent and experienced in complex class action litigation; and (c) he intends to prosecute this action vigorously. The interests of the members of the class will be fairly and adequately protected by Plaintiff and his counsel.

4

15.     The class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the class. Absent a class action, most members of the class would not only be unaware of the illegal and fraudulent practices of the Defendant, but would find the cost of litigating their individual claims to be prohibitive and would not have an effective remedy at law. Because of the size of the individual class members' claims, few could afford to seek legal redress for the wrongs alleged herein. Without a class action, the class members will continue to suffer harm and the Defendant's violations of law will have occurred and will continue to occur without remedy. Hence, class treatment is the only method by which all the class members' common claims can be economically and expeditiously adjudicated in one proceeding, thus precluding the possibility of multiple trials and inconsistent judgments.

## V.     **FIRST CAUSE OF ACTION**

16.     Plaintiff adopts and realleges paragraphs 1 through 15 the same as if fully set out herein.

17.     Defendant's actions violate the Bankruptcy Code and Rules and constitute an abuse of the bankruptcy process.

18.     Plaintiff and the class invoke the Court's inherent powers and the Court's powers under § 105 of the Bankruptcy Code.

WHEREFORE, Plaintiff and the class demand civil relief and judgment against Defendant as follows:

A.     Plaintiff and the class members seek all civil relief damages available to them and the class pursuant to § 105 and the Court's inherent powers, including disgorgement and

5

refund or credit of any fees or charges posted to their accounts and/or collected from them in connection with any motions for relief from stay, motions for adequate protection, or any similar motions where improper and/or fraudulent affidavits, declarations, or certifications were filed in support of said motions, plus interest; sanctions and punitive damages, if punitive damages are available in a civil § 105 context, as determined by the court; attorneys fees and costs in amounts to be determined by the court and an order requiring the Defendant to pay reasonable attorney fees, costs and expenses to Plaintiff's counsel for prosecution of this action; and any other civil relief damages that the court deems appropriate.

B.      Such other and different civil relief pursuant to § 105 and the Court's inherent powers as may be appropriate, including an order declaring Defendant's practices improper, illegal and fraudulent.

## VI.    SECOND CAUSE OF ACTION

19.      Plaintiff adopts and realleges paragraphs 1 through 18 the same as if fully set out herein.

20.      Defendant's actions violate the Bankruptcy Code and Rules and constitute fraud on the bankruptcy court.

21.      Plaintiff and the class invoke the Court's inherent powers and the Court's powers under § 105.

WHEREFORE, Plaintiff and the class demand civil relief and judgment against Defendant as follows:

A.      Plaintiff and the class members seek all civil relief damages available to them and the class pursuant to § 105 and the Court's inherent powers, including disgorgement and refund or credit of any fees or charges posted to their accounts and/or collected from them in connection with any motions for relief from stay, motions for adequate protection, or any similar motions where improper and/or fraudulent affidavits, declarations, or certifications were filed in support of said motions, plus interest; sanctions and punitive damages, if punitive damages are available in a civil § 105 context, as determined by the court; attorneys fees and costs in amounts to be determined by the court and an order requiring the Defendant to pay reasonable attorney fees, costs and expenses to Plaintiff's counsel for prosecution of this action; and any other civil relief damages that the court deems appropriate.

B.      Such other and different civil relief pursuant to § 105 and the Court's inherent powers as may be appropriate, including an order declaring Defendant's practices improper, illegal and fraudulent.

## VII.    **THIRD CAUSE OF ACTION**

22.      Plaintiff adopts and realleges paragraphs 1 through 21 the same as if fully set out herein.

23.      Plaintiff and all class members whom they seek to represent are entitled to a civil relief order declaring that Defendant's acts and practices described herein violate the Bankruptcy Code and Rules, constitute an abuse of the bankruptcy process, and constitute fraud on the bankruptcy court; and this Court should permanently enjoin Defendant from engaging in said acts

7

and practices in the future with respect to any debtor who is a member of the class of persons described herein.

24.     Defendant's actions violate the Bankruptcy Code and Rules, constitute an abuse of the bankruptcy process, and constitute fraud on the bankruptcy court.

25.     Plaintiff and the class invoke the Court's inherent powers and the Court's powers under § 105.

26.     Plaintiff and the class members are entitled to such other, further and different civil relief as the Court deems appropriate. Pursuant to the specific equity raised in this proceeding, the Defendant should also be required to pay class counsel reasonable attorneys fees, costs and expenses for the prosecution of this action.

WHEREFORE, Plaintiff and the class demand civil relief and judgment against Defendant as follows:

A.     Plaintiff and the class members seek all civil relief damages available to them and the class pursuant to § 105 and the Court's inherent powers, including disgorgement and refund or credit of any fees or charges posted to their accounts and/or collected from them in connection with any motions for relief from stay, motions for adequate protection, or any similar motions where improper and/or fraudulent affidavits, declarations, or certifications were filed in support of said motions, plus interest; sanctions and punitive damages, if punitive damages are available in a civil § 105 context, as determined by the court; attorneys fees and costs in amounts to be determined by the court and an order requiring the Defendant to pay reasonable

8

attorney fees, costs and expenses to Plaintiff's counsel for prosecution of this action, and any other civil relief damages that the court deems appropriate.

B.     Such other and different civil relief pursuant to § 105 and the Court's inherent powers as may be appropriate, including an order declaring Defendant's practices improper, illegal and fraudulent.

NO CRIMINAL SANCTIONS, NO CRIMINAL PENALTIES, NOR ANY OTHER CRIMINAL RELIEF IS SOUGHT BY PLAINTIFF OR THE CLASS IN THIS COMPLAINT.


_____
STEVE OLEN  (OLENS7621)


_____
STEVEN L. NICHOLAS  (NICHS2021)
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama  36604
251-471-6191
251-479-1031 (fax)


_____
CHARLES M. INGRUM, JR.
Ingrum, Rice & Parr, LLC
Post Office Box 229
Opelika, Alabama  36803-0229
334-745-3333
334-745-3155 (fax)

9